RECEIPT #
AMOUNT $
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 9-27-17

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS, <br><br> Plaintiff, <br><br> vs. <br><br> CPR FISHING, INC., <br><br> Defendant. | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Civil Action No.: <br><br> **04 12057 NG** |

MAGISTRATE JUDGE _____

## PARTIES AND JURISDICTION

1. Plaintiff Pearl Beauvais was appointed administratrix of the Estate of John Beauvais by the Probate Court for the Commonwealth of Massachusetts, Bristol County Division. Pearl Beauvais is a resident of New Bedford, Massachusetts and brings the within action as a personal representative of the estate, heirs at law and next of kin of John Beauvais.

2. Defendant CPR Fishing, Inc. is a Rhode Island corporation and is the owner of the F/V Katrina Lee. The defendant was operating the F/V Katrina Lee within the Federal Judicial District in which this action is commenced.

3. This action is brought under the Admiralty Law as modified by the Death on the High Seas Act, 46 U.S.C. § 761 et seq., Massachusetts General Laws 224 §§ 2, Massachusetts common law, and the Court's Admiralty Jurisdiction pursuant to 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to have all of the claims asserted herein tried to a jury.

## COUNT ONE - COMMON LAW NEGLIGENCE OF DEFENDANT

4. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 3 above as if fully set forth herein.

5. At all times material hereto defendant owned, possessed, managed, operated and controlled the F/V Katrina Lee.

6. At all times relevant hereto, defendant had a duty to exercise reasonable care to properly man the vessel and operate or have the vessel operated in a safe and proper manner.

7. On or about September 8, 2003, and at all times mentioned herein, decedent, John Beauvais, was a member of the crew of the F/V Lonely Hunter in the capacity of a fisherman.

8. On or about September 8, 2003, approximately 28 miles east of Nantucket, the F/V Lonely Hunter collided with the F/V Katrina Lee, causing the F/V Lonely Hunter to sink.

9. On or about September 8, 2003, as a result of the sinking of the F/V Lonely Hunter, decedent, John Beauvais, was declared missing at sea and is presumed dead. Decedent's death was a direct and proximate result of the negligence of the defendant, its agent(s), servant(s), and/or employee(s) in improperly manning and negligently operating the F/V Katrina Lee.

10. At the time decedent went to sea on the F/V Lonely Hunter, he was a strong, robust and able-bodied person with a substantial earning capacity and prospects of advancement in earning capacity.

11. As a direct and proximate result of the negligence of the defendant, its agent(s), servant(s), and/or employee(s) in improperly manning and negligently operating the F/V Katrina Lee, the decedent suffered unnecessary and severe mental anguish, shock and conscious pain and suffering before his death.

WHEREFORE, plaintiff prays that judgment be entered against the defendant for the unnecessary and severe mental anguish, shock and conscious pain and suffering before his death, as well as interest, costs and counsel fees as the Court may deem just and proper.

## COUNT TWO - WRONGFUL DEATH UNDER MASSACHUSETTS GENERAL LAWS 224 §§ 2 and 6

12. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 3 above as if fully set forth herein.

13. At all times material hereto defendant owned, possessed, managed, operated and controlled the F/V Katrina Lee.

14. At all times relevant hereto, defendant had a duty to exercise reasonable care to properly man the vessel and operate or have the vessel operated in a safe and proper manner.

15. On or about September 8, 2003, and at all times mentioned herein, decedent, John Beauvais, was a member of the crew of the F/V Lonely Hunter in the capacity of a fisherman.

16. On or about September 8, 2003, approximately 28 miles east of Nantucket, the F/V Lonely Hunter collided with the F/V Katrina Lee, causing the F/V Lonely Hunter to sink.

17. On or about September 8, 2003, as a result of the sinking of the F/V Lonely Hunter, decedent, John Beauvais, was declared missing at sea and is presumed dead. Decedent's death was a direct and proximate result of the negligence of the defendant, its agent(s), servant(s), and/or employee(s) in improperly manning and negligently operating the F/V Katrina Lee.

18. At the time decedent went to sea on the F/V Lonely Hunter, he was a strong, robust and able-bodied person with a substantial earning capacity and prospects of advancement in earning capacity.

19. The Plaintiff brings this cause of action for wrongful death pursuant to M.G.L. 224 § 2, as is entitled to the fair monetary value of John Beauvais, including but not limited to compensation for the loss of society, companionship, comfort, guidance, advice and counsel of John Beauvais, as well as for the medical, funeral and burial expenses incurred.

20. The Plaintiff brings this cause of action for wrongful death pursuant to M.G.L. 224 § 6, and is entitle to recover damages for the conscious suffering sustained by John Beauvais.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount just and appropriate under M.G.L. 224 §§ 2 and 6, together with interest and costs.

## COUNT THREE - DEATH ON THE HIGH SEAS

21. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 12 above as if fully set forth herein.

22. At all times material hereto defendant owned, possessed, managed, operated and controlled the F/V Katrina Lee.

23. At all times relevant hereto, defendant had a duty to exercise reasonable care to properly man the vessel and operate or have the vessel operated in a safe and proper manner.

24. On or about September 8, 2003, and at all times mentioned herein, decedent, John Beauvais, was a member of the crew of the F/V Lonely Hunter in the capacity of a fisherman.

25. On or about September 8, 2003, approximately 28 miles east of Nantucket, the F/V Lonely Hunter collided with the F/V Katrina Lee, causing the F/V Lonely Hunter to sink.

26. On or about September 8, 2003, as a result of the sinking of the F/V Lonely Hunter, decedent, John Beauvais, was declared missing at sea and is presumed dead. Decedent's

4

death was a direct and proximate result of the negligence of the defendant, its agent(s), servant(s), and/or employee(s) in improperly manning and negligently operating the F/V Katrina Lee.

27. At the time decedent went to sea on the F/V Lonely Hunter, he was a strong, robust and able-bodied person with a substantial earning capacity and prospects of advancement in earning capacity.

28. Plaintiff, makes a claim for damages on behalf of the estate, heirs at law and next of kin of John Beauvais for the economic value of decedent's normal life expectancy.

29. Plaintiff makes claim for damages on behalf of the estate, heirs at law and next of kin of John Beauvais for the burial expenses and other expenses in connection with the funeral and burial of the decedent.

30. Plaintiff makes claim for damages on behalf of the estate, heirs at law and next of kin of John Beauvais for the damages due as a result of the conscious pain and suffering endured by decedent.

31. Plaintiff makes claim for damages on behalf of the estate, heirs at law and next of kin of John Beauvais for the pecuniary loss suffered by decedent's surviving heirs and next of kin who were financially dependent on the decedent.

32. Plaintiff makes claim for damages on behalf of the estate, heirs at law and next of kin of John Beauvais for the pecuniary value of the loss of companionship, society, love, affection, nurture, guidance, inheritance, educational support, and services of the decedent.

WHEREFORE, plaintiff prays that judgment be entered against the defendant for the damages set forth herein, as well as interest, costs and counsel fees as the Court may deem just and proper.

Plaintiff, Pearl Beauvais,
By her attorneys,

*/s/ Thomas J. Hunt*

Thomas J. Hunt, Esq.
BBO# 244680
Frank S. Gattuso, Esq.
BBO# 653132
Thomas J. Hunt & Associates
18 North Water Street
New Bedford, MA  02740
(508) 994-7300 (Telephone)
(508) 984-0755 (Facsimile)

6